**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TIERRA INTELECTUAL BORINQUEN, INC.., | § | |
| *Plaintiff,* | § | CASE NO. 2:13-CV-00047-JRG |
| *v.* | § | |
| TOSHIBA AMERICA INFORMATION SYSTEMS, INC. and TOSHIBA CORPORATION, | § | |
| *Defendants*. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss Counts I-IV and VI of Plaintiff's First Amended Complaint Under Rule 12(b)(6) (Dkt. No. 15), filed May 17, 2013. For the reasons set forth below, the Court holds that Defendants' Motion should be **DENIED.**

## I. BACKGROUND

Plaintiff's First Amended Complaint ("the Complaint") (Dkt. No. 14) alleges that Defendants directly and indirectly infringe U.S. Patent Nos. 7,350,078 ("the '078 Patent), 7,725,725 ("the '725 Patent"), and 8,429,415 ("the '415 Patent"). Two of the patents—the '078 patent and the '725 patent—recite only method claims. The Complaint alleges that, in its production and sale of Defendants' Toshiba Excite 10se tablet, Defendants directly and indirectly infringe on each of the patents-in-suit.

With respect to its claims for direct infringement, the Complaint recites the language of Form 18 of the Federal Rules of Civil Procedure. The Complaint does not specifically allege that

the Defendants themselves perform all the steps of the claimed method; if anything, the facts alleged lead to the inference that Defendants' *customers* perform the claimed steps.

The Complaint alleges both induced and contributory infringement as well. First, it alleges that Defendants deliberately induce patent infringement by instructing users in its user guide to perform the methods claimed by the patents or by encouraging them to use the product covered by the '415 patent. It alleges that Defendants had knowledge of the patents-in-suit at least since the filing of the Complaint. With respect to contributory infringement, the Complaint realleges knowledge and further alleges that components of the Toshiba Excite 10se tablet, in particular its authentication methods, are a material part of the product and have no substantial noninfringing use.

Defendants argue, first, that the Complaint fails to plead facts rendering plausible Plaintiff's claim for direct infringement; second, that the facts as pleaded indicate that the Toshiba Excite 10se has substantial noninfringing uses, and thus that the Complaint does not state a claim for contributory infringement; third, that the Complaint does not plead that Defendants had knowledge of the patents-in-suit during the *design* of the accused product, and that such knowledge is necessary to a legally cognizable claim of contributory infringement; and fourth, that the pleaded facts relating to Defendants' user guide do not support the inference of intent required for a claim of induced infringement.

## II. LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but the facts pleaded must, when accepted as true, state a claim for relief that is "plausible on its face," i.e., the facts pleaded must allow the

Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. ANALYSIS

### A. Direct Infringement

Defendants first argue that two of Plaintiff's claims of direct infringement do not meet the plausibility standard required by *Iqbal* and *Twombly*. But the Federal Circuit has specifically held that the Forms contained in the Appendix of Forms to the Federal Rules of Civil Procedure suffice to state a claim for relief, and that, to the extent that *Iqbal* and *Twombly* appear to require more factual pleading, the Forms control. Whether "amended complaints adequately plead direct infringement is to be measured by the specificity required by Form 18." *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1334 (2012).

Form 18 requires only a statement of jurisdiction, an allegation of ownership of a legitimately issued patent, a statement that "[t]he defendant has infringed and is still infringing the Letters Patent by making, selling, and using" the invention, and an allegation that the plaintiff has followed notice requirements. Though Defendants argue that Plaintiff's allegations "fall short of even the minimal requirements of Form 18," their argument is supported only by an insistence that Plaintiff must plead more facts to make plausible the inference that Defendants really do make, sell, or use an infringing device or method.

This is the opposite of the conclusion reached in *In re Bill of Lading*, where the Federal Circuit made clear that a pleading following the language of Form 18 is sufficient to state a claim, and may not be attacked on the basis of implausibility. To hold otherwise would be an injustice, since attorneys rely on the Forms in crafting their complaints. Form 18 is useful to

attorneys pursuing patent claims only insofar as it provides safe-harbor language that they can be sure will survive a motion to dismiss. If an attorney may (within the bounds of Rule 11) submit such a complaint, he or she may be sure that their complaint will not be dismissed as implausible. This certainty, in combination with Rule 11 sanctions, ensures that the first "screen" of plausibility is administered swiftly and efficiently. Accordingly, Defendants' first argument is unavailing.

**B. Contributory Infringement**

*1. Substantial Noninfringing Use*

Defendants next argue that Plaintiff has failed to plausibly allege that the accused product has no substantial noninfringing uses. Such an allegation is required for a claim of contributory infringement. *In re Bill of Lading*, 681 F.3d at 1337. However, Defendants' argument assumes that the relevant inquiry goes to the Toshiba Excite 10se as a whole, rather than the "authentication methods" and "authentication features" specified in the Complaint. A component part may satisfy the "no substantial noninfringing use" requirement for pleading contributory infringement. *See Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1336-1340 (Fed. Cir. 2008). Thus, taking the facts alleged as true, the Complaint adequately pleads that the accused features and methods have no substantial noninfringing uses.

*2. Knowledge and the "Especially Designed" Requirement*

In order to be liable for contributory infringement, Defendants must sell, offer to sell, or import an accused product "knowing the same to be especially made or especially adapted for use in an infringement of such patent." 35 U.S.C. § 271(c). *Aro Manufacturing Co. v. Convertible Top Replacement Co.* makes it clear that the "knowing" requirement of 35 U.S.C. § 271(c) encompasses both knowledge that the accused product is especially made or adapted for

an infringing use *and* that the use is itself patented. However, Defendants argue further that the "especially made or adapted" language requires knowledge of the patent *at the time the product was designed.* Under this theory, a Defendant in a contributory infringement suit may only be held liable if the defendant knows from the time of a product's design that the product will infringe the patent-in-suit. In other words, a product must be designed with infringement in mind from the start. This is not the case.

*Aro* implicitly rejects such a theory. Having determined that, in order to be held liable, a defendant must have knowledge of both the accused product's suitability for infringement *and* the existence of the patent-in-suit, the Supreme Court remanded for a determination of when the defendant first learned of the patent. However, the Court explicitly held that "the Court's interpretation of the knowledge requirement affords Aro no defense with respect to replacement-fabric sales made after January 2, 1954," when the record showed that a letter unambiguously informed the defendant of the patent. Thus, regardless of whether the defendant knew about the patent in the design phase of the accused product, once it learned that the only possible use for its product infringed a patent, it was required to either cease production of its infringing product or seek a license from the holder of the patent. Failure to do so subjected the defendant to liability for contributory infringement.

This result is consistent with the place of contributory infringement in the spectrum of liability for patent infringement. Liability for direct infringement may be imposed without the infringer having any knowledge of the patent-in-suit. 35 U.S.C. § 271(a). Defendants who make a product that can *only* be used for patent infringement, but who do not themselves directly infringe, may not be held liable for direct infringement; however, once they are put on notice that their product's only use is for patent infringement, they are bound by law to desist or to face the

consequences. And any party who deliberately encourages infringement, regardless of whether their product has noninfringing uses, is liable for induced infringement. Requiring knowledge from the design stage for contributory infringement would effectively convert contributory infringement into induced infringement—the accused product would have to be deliberately designed for the purpose of patent infringement.

Thus, Plaintiff's counts of contributory infringement are properly alleged.

### C. Induced Infringement

Finally, Defendants argue that Plaintiff's claim for induced infringement is not plausibly pleaded, because the only fact alleged supporting an inference of specific intent to encourage users' infringement is that Defendants' user guide for the Toshiba Excite 10se provides instructions for use that, if followed, would infringe the patents-in-suit. Defendants argue that "merely providing instructions to perform a claimed method . . . is insufficient to survive a motion to dismiss." But this Court finds that, treated in the light most favorable to the Plaintiff, it is reasonable to infer from an instruction in a user guide that the publisher of the guide intends for the product to be used in the manner described. Thus, Plaintiff has properly pleaded a claim for induced infringement.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (Dkt. No. 15) is hereby **DENIED**.

**So ORDERED and SIGNED this 14th day of February, 2014.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE